**F I L E D**

APR 2 1 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

---

**JOSEPH ANTHONY REYNA,**

*Plaintiff,*

v.

**APPLE INC.,**

*Defendant.*

Case No.: 5:26-cv-03137-NC

**PLAINTIFF'S NOTICE REGARDING AMENDED COMPLAINT AND STATUTORY CLARIFICATION (Pursuant to Deficiency Order, ECF No. 8)**

---

## PLAINTIFF'S NOTICE REGARDING STATUTORY CLARIFICATION AND AMENDED COMPLAINT

Plaintiff Joseph Anthony Reyna submits this Notice in response to the Court's Order Regarding Filing Deficiencies (ECF No. 8, dated April 16, 2026), which directed Plaintiff to refile his complaint curing deficiencies by May 15, 2026.

## I. STATUTORY CLARIFICATION: SHERMAN ACT § 2, NOT § 1

Plaintiff respectfully notes that the Court's docket reflects the cause of action as '15:1 Antitrust Litigation.' Plaintiff's complaint alleges claims under 15 U.S.C. section 2 of the Sherman Act (monopolization and attempted monopolization by a single dominant firm), not section 1 (which requires an agreement or conspiracy between two or more parties). This distinction is material: section 1 liability requires concerted action, which Plaintiff does not and cannot allege against a single defendant. Section 2 liability attaches to unilateral exclusionary conduct by a firm with monopoly power, which is precisely what Plaintiff alleges. The amended

6

complaint will explicitly caption Count III as a Sherman Act section 2 claim and will clarify in the jurisdictional section that the antitrust cause of action arises under 15 U.S.C. section 2. Plaintiff respectfully requests that the Clerk correct the cause of action designation accordingly.

## II. ANTICIPATED AMENDMENTS TO CURE DEFICIENCIES

Without prejudice to any additional deficiencies the Court may identify, Plaintiff intends to address the following in the amended complaint:

**Statutory clarification:** Sherman Act § 2 (not § 1) — single-firm monopolization and monopsony. Count III will be explicitly labeled as a § 2 claim with market power allegations sourced to a named industry data provider.

**ECPA standing specificity:** Count VI will be strengthened to expressly plead the adverse inference theory as the primary relief mechanism given Apple's destruction of the evidence that would establish post-revocation interception, supported by the Lopez spoliation finding from this District.

**Per-count injury statements:** Each count will include an explicit sentence stating Plaintiff's specific injury-in-fact traceable to Apple's specific conduct for that count.

**Magnuson-Moss warranty:** Count IX will add a specific citation to Apple's iOS 17.0.3 release notes confirming Apple's public acknowledgment of the iPhone 15 Pro thermal defect within the express warranty period.

**DMCA § 1202 scienter:** Count VII will add a specific allegation that Apple was on constructive notice of Plaintiff's JOECAT® authorship claim through Exhibit A (September 5, 2023 acknowledgment letter) prior to the continued metadata processing.

7

Plaintiff will file the amended complaint on or before May 15, 2026, in accordance with the Court's Order.

Respectfully submitted,

Joseph Anthony Reyna

Pro Se Plaintiff

Austin, Texas 78731

whitehat@joecattt.com

Date: 4/17/26

8