UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY REYNA,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 26-cv-03137-RS

**ORDER RE PLAINTIFF'S RECENT MOTIONS AND FILINGS**

In less than two weeks, pro se litigant Josephy Anthony Reyna has filed over fifteen—often procedurally improper—notices and motions in the above captioned matter. *See e.g.,* Dkt. 45. In one such filing, he accuses Defendant of "exploit[ing] the Court's administrative backlog as a procedural weapon." Dkt. 45 at 3. If anyone is weaponizing the Court's docket, it is Plaintiff. Plaintiff is warned not to continue to submit filings that have no basis in the Federal and Local Rules.

Plaintiff's administrative motions seeking to participate in the initial case management and Rule 26(f)[1] conferences via written submission and for a standing order for written-only communication, Dkts. 20 & 45, are denied. Plaintiff chose to bring this suit against Apple in federal court and must litigate it according to the applicable rules.[2]

---

[1] Per Rule 26, the deadline for this conference is fourteen days before the parties' initial CMC on September 10, 2026—not June 24, 2026 as Plaintiff suggests.

[2] Moreover, substantial evidence refutes Plaintiff's purported reasons for requiring such relief. Plaintiff's voluminous electronic filings, in some cases filed just hours after Defendant's, *see e.g.,* Dkt. 42, show he has sufficient, regular access to computer systems via which he could participate

Plaintiff's motion to file under seal a third-party expert endorsement letter, Dkt. 51, is denied as generally improper. Plaintiff is, again, advised to submit filings according to the appropriate rules. Orphaned evidence, i.e., evidence that is not authorized by declaration nor filed in support of a motion, and which is filed late, will not be considered.

Plaintiff's motions for a preservation order, restoration of account access, and expedited discovery, Dkts. 55 & 46, are denied. A district court has broad discretion to permit or deny discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). *See also* Fed. R. Civ. P. 26(d)(1) (a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Early discovery prior to a Rule 26(f) conference may be ordered where good cause exists in light of the need for expedited discovery, administration of justice, and minimal prejudice of the responding party. *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal.2002). Plaintiff's briefing, grounded in speculation, does not establish good cause to order expedited discovery and preservation, especially in light of the pending motion to dismiss. Any future discovery matters are referred to a randomly assigned magistrate judge pursuant to Local Rule 72-1.

Plaintiff, proceeding pro se, is advised that, before any future filings, he should seek assistance from the Federal Pro Bono Project's Legal Help Center, which may be able to provide basic legal help, but not legal representation. The Center may be reached by calling (415) 782-8982 or emailing FedPro@sfbar.org.

**IT IS SO ORDERED**.

Dated: June 24, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

---

in such conferences. These filings, as well as Plaintiff's own characterization that he is sought after for podcasts and interviews, *see* Dkt. 35-1, Second Amended Complaint "(SAC")", at 6, indicate his abilities to participate himself in the basic conferences required to litigate in federal court or, if he cannot, to avail himself of the help of counsel, as discussed further below.

CASE NO. 26-cv-03137-RS

United States District Court
Northern District of California